

November 10, 2025

*Via CM/ECF*

Christopher M. Wolpert
Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

   Re: *Fowler et al. v. Stitt et al.*
     Case No. 23-5080

Dear Mr. Wolpert:

  I write to alert the panel to a recent ruling relevant to the case at hand. Last Thursday, the U.S. Supreme Court stayed an injunction against a U.S. State Department policy similar to Oklahoma's here. *See Trump v. Orr*, No. 25A319, 2025 WL 3097824 (U.S. Nov. 6, 2025). Specifically, the policy "require[s] all new passports to display an individual's biological sex at birth." *Id.* at *1.

  Here, Plaintiffs claim that Oklahoma's permanent documentation of sex on birth certificates violates equal protection because it triggers heightened scrutiny and lacks even a rational basis. The plaintiffs in *Orr* argued on similar equal protection grounds, "alleging discrimination on the basis of sex and transgender status." *Orr v. Trump*, 786 F. Supp. 3d 397, 406 (D. Mass. 2025), *appeal docketed*, No. 25-1579 (1st Cir. June 13, 2025). The district court preliminarily enjoined the passport policy, and "the First Circuit declined to stay the injunction pending appeal." *Orr*, 2025 WL 3097824, at *1. The Supreme Court has now granted the government an emergency stay. *Id.*

  The Supreme Court explained that "[d]isplaying passport holders' sex at birth no more offends equal protection principles than displaying their country at birth—in both cases, the Government is merely attesting to a historical fact without subjecting anyone to differential treatment." *Id.* As such, the Court found that the Government "is likely to succeed on the merits." *Id.*

  Similarly, Oklahoma has argued from the start of this case that documentation of factual information—reported about birth, at the time of birth, and in a record that functions to document


recycled paper

birth—does not implicate differential treatment or plausibly trigger heightened scrutiny under the Equal Protection Clause. Like the passport policy in *Orr*, Oklahoma's birth certificate approach simply prescribes that its official documents will "attest[] to a historical fact" of birth—no more, no less. *Id.* The Supreme Court's reasoning directly tracks Oklahoma's own neutral and nondiscriminatory purpose, thus making it relevant and compelling here.

In short, the Supreme Court's emergency ruling in *Orr* provides even more reason after *United States v. Skrmetti*, 605 U.S. 495 (2025), to affirm the district court.

Sincerely,

Zach West
*Director of Special Litigation*