

VIA CM/ECF FILING

Christopher M. Wolpert, Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
Byron White Court House
1823 Stout Street
Denver, Colorado 80257

November 12, 2025

Re:   Response to Appellees' Supplemental Authority Pursuant to Fed. R. App. P. 28(j) in *Fowler v. Stitt*, Case No. 23-5080

Dear Mr. Wolpert:

The stay order in *Trump v. Orr*, No. 25A319, 2024 WL 3097824 (U.S. Nov. 6, 2025), does not change this Court's prior reasoning.

To begin, "consistent with the standards for interim relief," a stay order "should not be read as a final determination on the merits." *Dep't of State v. Aids Vaccine Advoc. Coal.*, No. 25A269, 2025 WL 2740571 (U.S. Sept. 26, 2025); *see also Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025) ("our interim orders are not conclusive as to the merits"). The Court also indicated that the merits in *Orr* would take into account that the relief sought would enjoin "an Executive Branch policy with foreign affairs implications"—a feature that is wholly absent here. *Orr*, 2024 WL 3097824, at *1.

Furthermore, and critically, *Orr* is inapplicable here. The stay order is based on the premise—yet to be adjudicated in a final determination—that the passport policy "is merely attesting to a historical fact without subjecting anyone to differential treatment." *Orr*, 2025 WL 3097824, at *1. That is not the case here, as the very existence of amended birth certificates illustrates, because the amended certificates at issue are not merely attesting to historical facts. *See* 63 Okla. Stat. §§ 1-311, 1-316, 1-321 (permitting new or amended birth certificates with facts different than those historically recorded at birth). Original birth certificates may attest to historical facts—but, as this Court rightly observed, Plaintiffs do not seek relief as to those documents. *Fowler v. Stitt*, 104 F.4th 770, 795 (10th Cir. 2024); Pls. Br. (Doc 126) 19-20.

The stay order also caveated that, "on this record" of an emergency stay application, the plaintiffs likely had not sufficiently proven facts to show a bare desire to harm a politically unpopular group. *Orr*, 2025 WL 3097824, at *1. Here, as this Court recognized, Plaintiffs have plausibly alleged facts to show that Oklahoma's birth certificate policy intentionally targeted transgender people and seems inexplicable by anything but animus. *Fowler*, 104 F.4th at 788; Pls. Br. 5-8, 19-21.

Respectfully submitted,

s/ Peter C. Renn
Lambda Legal Defense and
   Education Fund, Inc.
800 South Figueroa St., Suite 1260
Los Angeles, CA 90017
Telephone: 213-382-7600
Facsimile: 1-855-535-2236
prenn@lambdalegal.org

Peter C. Renn
Counsel for Plaintiffs-Appellants

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit set forth in Federal Rule of Appellate Procedure 28(j) because the body of the letter contains no more than 350 words.

*s/ Peter C. Renn*
Peter C. Renn

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system on November 12, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Peter C. Renn*
Peter C. Renn