**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROWAN FOWLER; ALLISTER HALL;
CARTER RAY,

     Plaintiffs - Appellants,

v.

KEVIN STITT, in his official capacity as
Governor of the State of Oklahoma;
KEITH REED, in his official capacity as
Commissioner of Health for the Oklahoma
State Department of Health; KELLY
BAKER, in her official capacity as State
Registrar of Vital Records,

     Defendants - Appellees.

------------------------------

AMERICAN CIVIL LIBERTIES UNION;
AMERICAN CIVIL LIBERTY UNION
OF OKLAHOMA; GLBTQ ADVOCATES
& DEFENDERS; STATE OF KANSAS;
STATE OF ARKANSAS; STATE OF
IOWA; STATE OF INDIANA; STATE
OF GEORGIA; STATE OF LOUISIANA;
STATE OF MISSISSIPPI; STATE OF
MISSOURI; STATE OF MONTANA;
STATE OF NEBRASKA; STATE OF
NORTH DAKOTA; STATE OF SOUTH
CAROLINA; STATE OF TENNESSEE;
STATE OF TEXAS; STATE OF UTAH;
STATE OF WEST VIRGINIA; UNITED
STATES OF AMERICA,

     Amici Curiae.
_____

No. 23-5080
(D.C. No. 4:22-CV-00115-JWB-MTS)
(N.D. Okla.)

**ORDER CERTIFYING QUESTIONS OF STATE LAW TO THE SUPREME COURT OF OKLAHOMA**

———————————————————

Before **HARTZ**, **McHUGH**, and **FEDERICO**, Circuit Judges.

———————————————————

Plaintiffs-Appellants Rowan Fowler, Allister Hall, and Carter Ray (collectively, "Plaintiffs") are three transgender individuals who sought to amend the sex designation on their Oklahoma birth certificates to conform with their gender identities. *Fowler v. Stitt*, 104 F.4th 770, 778 (10th Cir. 2024). Plaintiffs all obtained state court orders directing that their sex designations on official documents be amended, but the Oklahoma State Department of Health ("OSDH") denied all three Plaintiffs' applications for amended birth certificates. *Id.* at 778–80. In the denials, OSDH cited an Executive Order issued by Oklahoma Governor Kevin Stitt, which directed OSDH to stop amending sex designations on birth certificates. *Id.* Plaintiffs have challenged that Policy in the federal courts.

Because the power of the federal courts to entertain this dispute will be determined by questions that have not previously been answered by the Supreme Court of Oklahoma, we respectfully request that the Supreme Court of Oklahoma exercise its discretion pursuant to Okla. Stat. tit. 20, § 1602 and accept three certified questions from this court.

## I.    BACKGROUND

Plaintiffs sued Defendant-Appellants Governor Stitt, OSDH's Commissioner of Health, and the State Registrar of Vital Records (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. *Fowler*, 104 F.4th at 775. Plaintiffs alleged that Defendants' practice

of denying sex-designation amendments ("the Birth Certificate Policy" or "the Policy") violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment. *Id.* The district court granted Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Plaintiffs appealed. *Id.* at 780. We affirmed the district court's dismissal of Plaintiffs' substantive due process claim. *See id.* at 781. However, we reversed the district court's dismissal of Plaintiffs' equal protection claim. *See id.*

In our equal protection analysis, we held that Defendants' Birth Certificate Policy purposefully discriminates on the basis of transgender status and sex. *Id.* at 784–94. In doing so, we focused on Governor Stitt's Executive Order as the authority that prevented Plaintiffs from obtaining amended birth certificates. *Id.* at 776 n.3. We did not analyze the practice of denying sex-designation amendments based on the statutes because, taking Plaintiffs' allegations as true, OSDH had provided sex-designation amendments under Oklahoma law for over ten years before Governor Stitt issued an Executive Order directing OSDH to deny them. *Id.* And Plaintiffs' complaint challenged the constitutionality of the Policy based on that Executive Order. Second Amended Complaint at 12, 18, 23, 26, *Fowler v. Stitt*, 676 F. Supp. 3d 1094 (N.D. Okla. 2023) (No. 22-0115).

We held that the Policy purposefully discriminates based on transgender status because Plaintiffs alleged facts that permitted an inference of purposeful discrimination. *Fowler*, 104 F.4th at 784–88. To reach this conclusion, we relied on the Policy's disparate impact on transgender persons, the events leading up to the issuance of the Executive Order, including Governor Stitt's public statements, and Defendants' inability

3

to justify the Policy as advancing a legitimate state interest. *Id.* Relying on *Bostock v. Clayton County*, 590 U.S. 644 (2020), we then held that the Policy intentionally discriminates on the basis of sex, too, because "it is impossible to discriminate against a person for being . . . transgender without discriminating against that individual based on sex." *Fowler*, 104 F.4th at 793 (quoting *Bostock*, 590 U.S. at 660).

We held that the Policy could not survive rational basis review and thus could not pass the more exacting intermediate scrutiny either. *Id.* at 794–97. We analyzed Defendants' two purported state interests and two interests raised by the State Amici. *See id.* These four interests were: (1) protecting the integrity and accuracy of vital records, (2) protecting the interests of women, (3) preventing fraud, and (4) conserving resources. *Id.* We recognized that "rational basis is a low bar, and the challenged state action need not be perfect." *Id.* at 797. However, Plaintiffs met their burden of negating every conceivable basis that might support the Policy. *Id.* Accordingly, we held that there was no rational connection, under the facts alleged, between the Policy and a legitimate state interest. *Id.* Defendants then filed a petition for a writ of certiorari with the United States Supreme Court.

While Defendants' petition was pending, the Supreme Court held that a Tennessee law banning certain medical care for transgender minors did not violate the Equal Protection Clause of the Fourteenth Amendment. *United States v. Skrmetti*, 605 U.S. 495, 500 (2025). In *Skrmetti*, the Court held that the law classified on two bases—age and medical use—but not on the basis of sex or transgender status. *Id.* at 511–22. The Court thus did not decide whether classifications based on transgender status are subject to

heightened scrutiny under the Equal Protection Clause. *See id.* at 517–19 ("This Court has not previously held that transgender individuals are a suspect or quasi-suspect class. And this case, in any event, does not raise that question . . . ."). Under the applicable rational basis review, the Court held that the Tennessee law survived the plaintiffs' equal protection challenge because the law was rationally related to Tennessee's interests in protecting minors' health and welfare. *Id.* at 522–25.

The Supreme Court subsequently issued a Grant, Vacate, Remand ("GVR") Order vacating our judgment in *Fowler* for further consideration in light of its decision in *Skrmetti. Stitt v. Fowler*, 145 S. Ct. 2840 (2025) (mem.). We then asked the parties to provide supplemental briefing.

During that briefing, Defendants argued that Okla. Stat. tit. 63, § 1-321 has always prohibited and continues to prohibit changes to the designation of sex on an Oklahoma birth certificate. And they contend that the statutory amendment codified in Okla. Stat. tit. 63, § 1-321(H), merely reiterates that prohibition. Defendants' argument raises an issue of Oklahoma law that may divest this court of subject matter jurisdiction. If, as Defendants contend, changes to the sex designation on an Oklahoma birth certificate were and continue to be disallowed, a successful challenge to the Policy would not redress Plaintiffs' claimed injury, thereby defeating standing and our jurisdiction.

## II.     DISCUSSION

Pursuant to Tenth Circuit Rule 27.4(A), "[w]hen state law permits, this court may: (1) certify a question arising under state law to that state's highest court according to that court's rules; and (2) abate the case in this court to await the state court's decision of the

certified question." In turn, the Supreme Court of Oklahoma "may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals, constitutional provision, or statute." Okla. Stat. tit. 20, § 1602.

Here, Plaintiffs' challenge to the Policy will not redress their alleged injuries if, irrespective of the Policy, Oklahoma law prohibits changes to the sex designations on their birth certificates despite their gender identity. And without redressability, Plaintiffs lack standing to pursue their claims in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992) ("[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"). Further, there has been no controlling decision from the Supreme Court of Oklahoma indicating whether Plaintiffs' requested changes to their birth certificates are, or were ever, permitted under Oklahoma law.

## III.    CERTIFICATION

Accordingly, we respectfully request the Supreme Court of Oklahoma to exercise its discretion pursuant to Okla. Stat. tit. 20, § 1602 and accept the following certified questions from this court:

1.    Whether Okla. Stat. tit. 63, § 1-321, as amended by Okla. Stat. tit. 63, § 1-321(H), prohibits changes to the sex designation on an Oklahoma birth certificate.

2.    Whether Okla. Stat. tit. 63, § 1-321 has ever permitted changes to the sex designation on an Oklahoma birth certificate.

3.    Whether Okla. Stat. tit. 63, § 1-321 does now or has ever permitted changes to the sex designation on an Oklahoma birth certificate based on gender identity.

This court acknowledges that the Supreme Court of Oklahoma may reformulate

these questions under Okla. Stat. tit. 20, § 1602.1. Pursuant to Okla. Stat. tit. 20,

§ 1604(A)(4), the names and addresses of counsel of record are included below:

**<u>For Plaintiffs-Appellants</u>**

Peter C. Renn
Lambda Legal Defense and Education Fund, Inc.
800 S. Figueroa St., Ste. 1260
Los Angeles, CA 90017
(213)382-7600
prenn@lambdalegal.org

Sasha Buchert
Lambda Legal Defense and Education Fund, Inc.
815 16th Street, NW, Suite 4140
Washington, D.C., 20006
(202)804-6245
sbuchert@lambdalegal.org

Shelly L. Skeen
Nicholas J. Hite
Lambda Legal Defense and Education Fund, Inc.
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
(214)219-8585
sskeen@lambdalegal.org
nhite@lambdalegal.org

Karen Keith Wilkins
1515 S. Denver Ave.
Tulsa, OK 74119
(918)599-8118
karen@wilkinslawtulsa.com

**For Defendants-Appellees**

Garry M. Gaskins, II
*Solicitor General*
Zach West
*Director of Special Litigation*
Cullen D. Sweeney
*Assistant Solicitor General*
William P. Flanagan
Office of Attorney General
State of Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105
(405)521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov
Cullen.Sweeney@oag.ok.gov
William.Flanagan@oag.ok.gov

The Clerk of this court shall transmit a copy of this certification order to counsel for all parties. The Clerk of this court shall also forward to the Clerk of the Supreme Court of Oklahoma, under the Tenth Circuit's official seal, copies of this certification order, the briefs filed in this court, and the appendix filed in this court.

Within 90 days of the date of this order, and every 90 days thereafter, the parties shall file a joint report advising this court of the status of the proceedings before the Supreme Court of Oklahoma. Upon the resolution of these certified questions, the parties shall notify this court forthwith.

8

This appeal is ABATED pending resolution of these certified questions.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

9