ROWAN FOWLER; ALLISTER HALL; and CARTER RAY,

*Plaintiffs-Appellants*,

v.

KEVIN STITT, in his official capacity as Governor of the State of Oklahoma; KEITH REED, in his official capacity as Commissioner of Health for the Oklahoma State Department of Health; and KELLY BAKER, in her official capacity as State Registrar of Vital Records,

*Defendants-Appellees*.

No. 23-5080

## JOINT STATUS REPORT

Pursuant to this Court's April 16, 2026 Order Certifying Questions of State Law to the Supreme Court of Oklahoma, Plaintiffs-Appellants and Defendants-Appellees hereby file this joint status report regarding the status of the proceedings before the Supreme Court of Oklahoma.

On May 7, 2026, the State of Oklahoma enacted House Bill 1225 (H.B. 1225), a copy of which is attached as Exhibit A.

On June 10, 2026, Plaintiffs filed a motion for briefing with the Oklahoma Supreme Court to address the impact of H.B. 1225 on the certified questions, which was granted in part.

1

On June 26, 2026, Plaintiffs and Defendants each filed opening briefs addressing the impact of H.B. 1225 on the certified questions.

Plaintiffs and Defendants' respective answering briefs are due July 17, 2026.

DATED: July 15, 2026

Respectfully submitted,

/s/ Peter C. Renn
Peter C. Renn
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
800 S. Figueroa St., Ste. 1260
Los Angeles, CA 90017
Telephone: (213) 382-7600
prenn@lambdalegal.org

Counsel for Plaintiffs-Appellants


/s/ Zach West
GARRY M. GASKINS, II
Solicitor General
ZACH WEST
Director of Special Litigation
CULLEN D. SWEENEY
Assistant Solicitor General
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov
Cullen.Sweeney@oag.ok.gov

Counsel for Defendants-Appellees

**ECF CERTIFICATION**

I hereby certify that this document contains no information requiring privacy redactions; that no hard copies of this filing are required to be submitted to the clerk's office; and that I scanned this document for viruses using Microsoft Defender and, according to the program, this document is virus free.

/s/ Peter C. Renn
Peter C. Renn

Counsel for Plaintiffs-Appellants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 15, 2026, I electronically transmitted the

foregoing document to the Clerk of the Court using the ECF system for filing,

which will send notification of such filing to the following:

Garry Michael Gaskins, II
garry.gaskins@oag.ok.gov

Cullen D. Sweeney
cullen.sweeney@oag.ok.gov

Zachary Paul West
zach.west@oag.ok.gov

/s/ Peter C. Renn
Peter C. Renn

Counsel for Plaintiffs-Appellants

# Exhibit A

# An Act

ENROLLED HOUSE
BILL NO. 1225

By: West (Kevin) and Woolley of
the House

and

Bergstrom and Burns of the
Senate

An Act relating to vital records; providing findings and declarations; amending 63 O.S. 2021, Sections 1-311, as last amended by Section 2, Chapter 58, O.S.L. 2025, 1-313, as amended by Section 2, Chapter 87, O.S.L. 2022, 1-316, as amended by Section 3, Chapter 87, O.S.L. 2022, and 1-321, as last amended by Section 10, Chapter 58, O.S.L. 2025 (63 O.S. Supp. 2025, Sections 1-311, 1-313, 1-316, and 1-321), which relate to certificates of birth; updating statutory language; requiring certificates of birth to contain accurate biological sex designations; clarifying certain requirement and prohibitions; updating statutory reference; providing for noncodification; and declaring an emergency.

SUBJECT: Vital records

BE IT ENACTED BY THE PEOPLE OF THE STATE OF OKLAHOMA:

SECTION 1.     NEW LAW     A new section of law not to be codified in the Oklahoma Statutes reads as follows:

The Legislature finds and declares that it is enacting the following statutory changes "to clarify existing law, as opposed to altering its substance" per *Purcell v. Santa Fe Minerals, Inc.*, 1998 OK 45, 961 P.2d 188.  The Legislature further finds and declares that these clarifications are important to protect, among other things, the integrity and accuracy of vital statistics records.  In particular, the Legislature finds that private parties have been

wrongly asserting in court that the Legislature's previous law clarifying Oklahoma birth certificate statutes, Senate Bill No. 1100 of the 2nd Session of the 58th Oklahoma Legislature, constituted an acquiescence to the unauthorized practice of changing the biological sex designation on birth certificates to represent a person's gender identity.  The Legislature finds and declares that Senate Bill No. 1100 of the 2nd Session of the 58th Oklahoma Legislature did nothing of the sort; rather, it was intended to clarify, in response to revelations about an unsanctioned settlement over a nonbinary designation, that Oklahoma birth certificates are supposed to contain a biological sex designation only, and that this designation should not be altered to display gender identity, a nonbinary designation, or anything other than a male or female designation.

SECTION 2.    AMENDATORY    63 O.S. 2021, Section 1-311, as last amended by Section 2, Chapter 58, O.S.L. 2025 (63 O.S. Supp. 2025, Section 1-311), is amended to read as follows:

Section 1-311.  A.  A certificate of birth for each live birth which occurs in this state shall be filed with the State Commissioner of Health within seven (7) days after the birth.

B.  When a birth occurs in an institution, the person in charge of the institution or a designated representative shall obtain the personal data, prepare the certificate and secure the signatures required by the certificate.  The physician in attendance shall certify to the facts of birth and provide the medical information required by the certificate within five (5) days after the birth.

C.  When a birth occurs outside an institution, the certificate shall be prepared and filed by one of the following in the indicated order of priority:

1.  The physician in attendance at or immediately after the birth;

2.  Any other person in attendance at or immediately after the birth; or

3.  The father, the mother or, in the absence or inability of the father or mother, the person in charge of the premises where the birth occurred and present at the birth.

D.  1.  If the mother was married at the time of birth, or married at any time during the three hundred (300) calendar days

before the birth, the name of the husband shall be entered on the certificate as the father of the child unless paternity has been determined otherwise by a court of competent jurisdiction or a husband's denial of paternity form has been filed along with an affidavit acknowledging paternity, in which case the name of the father as determined by the court or affidavit acknowledging paternity shall be entered.  If there is a refusal to identify paternity on the birth certificate, the State Department of Health is authorized to register a birth certificate as such.

2.  If the mother was not married at the time of birth, nor married at any time during the three hundred (300) calendar days before the birth, the name of the father shall be entered on the certificate of birth only if:

a.   a determination of paternity has been made by an administrative action through the Department of Human Services or a court of competent jurisdiction, in which case the name of the father shall be entered, or

b.   the mother and father have agreed as to the biological paternity of the child and signed an acknowledgment of paternity pursuant to Section 1-311.3 of this title, or substantially similar affidavit from another state and filed it with the State Commissioner of Health.

This shall give the unmarried mother and biological father equal rights and obligations to the child.  A child whose parentage has been determined as set forth shall be treated as a child of parents who were married at the time of the birth.

E.  Either of the parents of the child shall sign the certificate of live birth worksheet to attest to the accuracy of the personal data entered thereon, in time to permit its filing within the seven (7) days prescribed in this section.

F.  If the live birth results from a process in which the delivering mother was carrying the child of another woman by way of a prearranged legal contract, the original birth certificate shall be filed with the personal information of the woman who delivered the child.  A new birth certificate will be placed on file once the Department receives both a court order and a completed form prescribed by the Department which identifies the various parties and documents the personal information of the intended parents necessary to complete the new birth certificate.

G.  ~~Beginning on April 25, 2022, the biological sex designation on a~~ <u>Every</u> certificate of birth issued under this section shall ~~be~~ <u>contain an accurate biological sex designation of</u> either male or female ~~and~~<u>,</u> as identified at the time of birth.  The biological sex designation shall not ~~be~~ <u>display gender identity, a nonbinary designation,</u> or any symbol representing a nonbinary designation including<u>,</u> but not limited to<u>,</u> the letter "X".

SECTION 3.    AMENDATORY    63 O.S. 2021, Section 1-313, as amended by Section 2, Chapter 87, O.S.L. 2022 (63 O.S. Supp. 2025, Section 1-313), is amended to read as follows:

Section 1-313.  A.  When the birth of a person born in this state has not been registered, a certificate may be filed in accordance with regulations of the State Commissioner of Health.  Such certificate shall be registered subject to such evidentiary requirements as the Commissioner shall by regulation prescribe, to substantiate the alleged facts of birth.

B.  Certificates of birth registered one <u>(1)</u> year or more after the date of occurrence shall be marked "delayed" and show on their face the date of the delayed registration.

C.  A summary statement of the evidence submitted in support of the delayed registration shall be endorsed on the certificate.

D.  When an applicant does not submit the minimum documentation required in the regulations for delayed registration, or when the State Commissioner of Health finds reason to question the validity or adequacy of the documentary evidence, the Commissioner shall not register the delayed certificate and shall advise the applicant of the reasons for his or her action.

E.  ~~Beginning on the effective date of this act, the biological sex designation on a~~ <u>Every</u> certificate of birth issued under this section shall ~~be~~ <u>contain an accurate biological sex designation of</u> either male or female ~~and~~<u>,</u> as identified at the time of birth.  The <u>biological sex designation</u> shall not ~~be~~ <u>display gender identity, a</u> nonbinary <u>designation,</u> or any symbol representing a nonbinary designation including<u>,</u> but not limited to<u>,</u> the letter "X".

SECTION 4.    AMENDATORY    63 O.S. 2021, Section 1-316, as amended by Section 3, Chapter 87, O.S.L. 2022 (63 O.S. Supp. 2025, Section 1-316), is amended to read as follows:

Section 1-316.  A.  The State Commissioner of Health shall establish a new certificate of birth for a person born in this state, when the Commissioner receives the following:

1.  An adoption certificate as provided in the Oklahoma Adoption Code, or a certified copy of the decree of adoption together with the information necessary to identify the original certificate of birth and to establish a new certificate of birth; except that a new certificate of birth shall not be established if so requested by the court decreeing the adoption, the adoptive parents or the adopted person; and

2.  A request that a new certificate be established and such evidence as required by regulation proving that such person has been legitimated, or that a court of competent jurisdiction has determined the paternity of such a person.

B.  When a new certificate of birth is established, the actual place and date of birth shall be shown.  It shall be substituted for the original certificate of birth:

1.  Thereafter, the original certificate and the evidence of adoption, paternity or legitimation shall not be amended, nor shall it be subject to inspection except upon order of a court of competent jurisdiction or as otherwise specifically provided by law; and

2.  Upon receipt of notice of annulment of adoption, the original certificate of birth shall be restored to its place in the files and the new certificate and evidence shall not be subject to inspection except upon order of a court of competent jurisdiction. The original certificate shall be restored and may be amended in accordance with Section 1-321 of this title.

C.  ~~Beginning on the effective date of this act, the biological sex designation on a~~ <u>Every</u> new certificate of birth issued under this section shall ~~be~~ <u>contain an accurate biological sex designation of</u> either male or female ~~and~~<u>, as identified at the time of birth. The biological sex designation shall not ~~be~~ display gender identity, a nonbinary designation,</u> or any symbol representing a nonbinary designation including<u>,</u> but not limited to<u>,</u> the letter "X".

SECTION 5.    AMENDATORY    63 O.S. 2021, Section 1-321, as last amended by Section 10, Chapter 58, O.S.L. 2025 (63 O.S. Supp. 2025, Section 1-321), is amended to read as follows:

Section 1-321.  A.  A certificate or record registered under this article may be amended only in accordance with this article and regulations thereunder adopted by the State Commissioner of Health to protect the integrity and accuracy of vital statistics records.

B.  A certificate that is amended under this section shall be marked "amended", except as provided in subsection D E of this section.  The date of amendment and a summary description of the evidence submitted in support of the amendment shall be endorsed on or made a part of the record.

The Commissioner shall prescribe by regulation the conditions under which additions or minor corrections shall be made to birth certificates within one (1) year after the date of birth without the certificate being considered as amended.  Certificates shall be marked as "amended" for minor corrections made one (1) year after the date of birth.

C.  Upon receipt of a certified copy of a court order, from a court of competent jurisdiction, changing the name of a person born in this state and upon request of such person or his or her parent, guardian or legal representative, the State Commissioner of Health shall amend the certificate of birth to reflect the new name.

D.  When a child is born out of wedlock, the Commissioner shall amend a certificate of birth to show paternity, if paternity is not currently shown on the birth certificate, in the following situations:

1.  Upon request and receipt of a sworn acknowledgment of paternity of a child born out of wedlock signed by both parents;

2.  Upon receipt of a certified copy of a court order adjudicating paternity; or

3.  Upon receipt of an electronic record from the Department of Human Services indicating that an acknowledgment of paternity has been signed by both parents or a court order adjudicating paternity.

E.  For a child born out of wedlock, the Commissioner shall also change the surname of the child on the certificate:

1.  To the specified surname upon receipt of acknowledgment of paternity signed by both parents, upon receipt of a certified copy of a court order directing such name be changed or upon receipt of an electronic record from the Department of Human Services indicating that an acknowledgment of paternity has been signed by both parents or a court order directs such name change. Such certificate amended pursuant to this subsection shall not be marked "amended"; or

2.  To the surname of the mother on the birth certificate in the event the acknowledgment of paternity is rescinded.

F.  The Commissioner shall have the power and duty to promulgate rules for situations in which the Department receives false information regarding the identity of a parent.

G.  If within one (1) year of the initial issuance of a certificate of death, a funeral director, or a person acting as such, requests a correction to any portion of the death record except the information relating to the medical certification portion, due to a scrivener's error, misspelling or other correction of information, the State Commissioner of Health, through the State Registrar of Vital Statistics, shall amend the record, provided the request is made in writing or through an electronic system and is accompanied by documentation disclosing the correct information or by a sworn statement of the funeral director. The funeral director, or person acting as such, shall be responsible for any and all amendment fees that may be imposed by the State Commissioner of Health for the correction. Up to ten certified copies containing the erroneous original information may be exchanged for certified copies containing the corrected information at no additional cost.

H.  ~~Beginning April 26, 2022, the biological sex designation on a~~ <u>Every</u> certificate of birth amended under this section shall ~~be~~ <u>contain an accurate biological sex designation of</u> either male or female ~~and shall not be~~, <u>as identified at the time of birth. The biological sex designation shall not be amended to display gender identity, a</u> nonbinary <u>designation,</u> or any symbol representing a nonbinary designation including<u>,</u> but not limited to<u>,</u> the letter "X".

SECTION 6.  It being immediately necessary for the preservation of the public peace, health or safety, an emergency is hereby declared to exist, by reason whereof this act shall take effect and be in full force from and after its passage and approval.

Passed the House of Representatives the 5th day of May, 2026.

_____
Presiding Officer of the House
of Representatives

Passed the Senate the 29th day of April, 2026.

_____
Presiding Officer of the Senate

---

OFFICE OF THE GOVERNOR

Received by the Office of the Governor this 5th

day of _____May_____, 20_26_, at _6:50_ o'clock _p._ M.

By: _____Christ Fin_____

Approved by the Governor of the State of Oklahoma this 7th

day of _____May_____, 20_26_, at _4:52_ o'clock _p._ M.

_____
Governor of the State of Oklahoma

OFFICE OF THE SECRETARY OF STATE

Received by the Office of the Secretary of State this 11th

day of _____May_____, 20_26_, at _10:30_ o'clock _p._ M.

By: _____Benjamin Lepak_____

---